**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
VERN MCKINLEY,               )
                                )
       Plaintiff,          )
                                )
   v.                      )   Civ. Action No. 10-420 (EGS)
                                )
FEDERAL DEPOSIT INSURANCE  )
CORPORATION,                )
                                )
       Defendant.          )
_____)

## MEMORANDUM OPINION

Pending before the Court in this Freedom of Information Act ("FOIA") case is defendant's motion to dismiss and plaintiff's motion for summary judgment. Upon consideration of the motions, the responses and replies thereto, the applicable law, the entire record, and for the reasons set forth below, the defendant's motion to dismiss is **DENIED**, and the plaintiff's motion for summary judgment is **GRANTED** in part and **DENIED WITHOUT PREJUDICE** in part.[1] The Court orders defendant to supplement its responses to plaintiff's requests as described below.

**I.   BACKGROUND**

Plaintiff Vern McKinley is a private citizen who works "as an advisor to governments worldwide on financial sector policy and legal issues." Complaint ("Compl.") ¶ 3. In December, 2009,

_____

[1] Plaintiff's Motion for Summary Judgment is styled as a "Cross-Motion" even though the FDIC has not filed a motion for summary judgment. For ease of reference the Court will refer to plaintiff's motion as a motion for summary judgment.

plaintiff submitted three FOIA requests to the Federal Deposit Insurance Corporation ("FDIC") seeking information regarding the FDIC's response to the global financial crisis of 2008. Specifically, plaintiff seeks records about the agency's creation and use of a then-new program, the Temporary Liquidity Guarantee Program ("TLG"), to provide assistance to banks and other financial institutions. On December 4, 2009, plaintiff sent a request for "records about the FDIC's determination on November 23, 2008 to provide financial assistance to Citigroup, Inc." Pl.'s Statement of Material Facts Not in Dispute ("Pl.'s Facts") ¶ 1. On December 20, 2009, plaintiff sent two additional FOIA requests to the FDIC. Plaintiff requested records about the FDIC's "determination on October 14, 2008 to create a new program," the TLG program, "to provide financial assistance to banks, thrift institutions, and certain bank holding companies." Pl.'s Facts ¶ 2. He also requested records about FDIC's "determination on January 16, 2009 to provide financial assistance to Bank of America Corp." Pl.'s Facts ¶ 3. In all three requests, plaintiff specifically asked for "any information available on" these determinations "such as meeting minutes or supporting memos." Pl.'s Facts ¶¶ 1, 2, 3.

The FDIC did not respond to plaintiff's requests within the time limits set forth in 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(B)(i). Pl.'s Facts ¶ 4. Accordingly, plaintiff

initiated this lawsuit on March 15, 2010. *See generally* Compl. In his complaint, Plaintiff alleges that the FDIC violated the FOIA by "failing to produce any and all non-exempt records responsive to Plaintiff's requests," Compl. ¶ 19, and requests, *inter alia*, that defendant "search for and produce any and all non-exempt records responsive to plaintiff's requests." Compl. p. 5.

On April 15, 2010, the FDIC responded to all three requests. Def.'s Statement of Undisputed Facts ("Def.'s Facts") ¶¶ 6-8. The FDIC provided the plaintiff with 101 pages of material responsive to his FOIA requests, but redacted information from every document it produced pursuant to several FOIA and Government in the Sunshine Act ("Sunshine Act") exemptions. Def.'s Facts ¶¶ 6-8. Shortly thereafter FDIC moved to dismiss the case, arguing that its responses to plaintiff's FOIA requests render the case moot. *See generally* Def.'s Motion to Dismiss. Plaintiff opposed the motion to dismiss and simultaneously moved for summary judgment. In his motion for summary judgment, plaintiff challenges the adequacy of the agency's search and its reliance on the FOIA and Sunshine Act exemptions to withhold the redacted information. *See generally* Pl.'s Mem. in Opposition to Motion to Dismiss and In Support of Motion for Summary Judgment ("Pl.'s Mem."). Both motions are now ripe for decision by the Court.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss on Mootness Grounds

A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)(citations omitted). It is well established that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth v. Laidlaw*, 528 U.S. 167, 189 (2000) (quotation omitted). In order to prevail on a mootness claim occasioned by the defendant's voluntary conduct, the movant must show, *inter alia*, that "interim relief and events have completely and irrevocably eradicated the effects of the alleged violation." *Albritton v. Kantor*, 944 F. Supp. 966, 974 (D.D.C. 1996) (citing *Davis*, 440 U.S. at 631).

In a FOIA case, "once all requested records are surrendered," the substance of the controversy disappears and "federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982). However, as the government itself acknowledges, in "instances where an agency has released documents, but other related issued remain unresolved, courts frequently will not dismiss the action" as moot. GUIDE TO THE FREEDOM OF INFORMATION ACT, U.S. Dep't of Justice Office of Information Policy, 767-68 & n.180 (2009 Ed.)

4

(citing, e.g., *Nw. Univ. v. USDA*, 403 F. Supp. 2d 83, 85-86 (D.D.C. 2005) (refusing to dismiss action as moot despite belated release of documents because plaintiff challenged adequacy of defendant's document production); *Looney v. Walters-Tucker*, 98 F. Supp. 2d 1, 3 (D.D.C. 2000)(finding no mootness even after production of requested documents because "[i]n a FOIA case, courts always have jurisdiction to determine the adequacy of the search"), *aff'd per curiam sub nom. Looney v. FDIC*, 2 F. App'x 8 (D.C. Cir. 2001)).

**B. Summary Judgment**

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits or declarations, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The non-moving party, however, cannot rely on "mere allegations or denials." *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If the Court concludes that "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then the moving

party is entitled to summary judgment.  *Celotex*, 477 U.S. 317, 323.

In a FOIA case, the burden of proof is always on the agency to demonstrate that it has fully discharged its obligations under the FOIA.  *See Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989) ("the burden is on the agency to demonstrate, not the requester to disprove, that the materials sought . . . have not been improperly withheld.").  However, when a FOIA plaintiff moves for summary judgment, he "must offer more than conclusory statements."  *Schoenman v. Fed. Bureau of Investigation*, 573 F. Supp. 2d 119, 134 (D.D.C. 2008) (citations omitted).  Indeed, to prevail on summary judgment on a claim that the agency improperly withheld requested material, a requester must establish that "the requested material, even on the agency's version of the facts, falls outside the proffered exemption."  *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992).

**III. ANALYSIS**

Pending before the Court is defendant's motion to dismiss and plaintiff's motion for summary judgment.  The Court considers each in turn.

    **A.    Mootness**

The FDIC argues that the plaintiff's claim is moot because the agency complied with its obligations under the FOIA by producing the requested documents.  Def.'s Mem. in Support of

Mot. to Dismiss at 4.  The plaintiff responds that his claim is not moot because the documents produced are heavily redacted, and the FDIC has not met its statutory burden to "justify its claims of exemption, demonstrate[] that all non-exempt information has been segregated and disclosed, or prove[] that its searches for responsive information were reasonably calculated to uncover all responsive materials."  Pl.'s Mem. at 5.  The Court agrees with plaintiff that his claim is not moot.

It is well established that a case is not moot unless "the parties lack a legally cognizable interest in the outcome." *Davis*, 440 U.S. at 631.  As courts in this Circuit have repeatedly held, FOIA requesters have a cognizable interest in having the Court determine (1) whether the search for records was adequate under the standards for adequate records searches required by FOIA, and (2) whether the agency has released all nonexempt material.  *See, e.g.*, *Perry v. Block*, 684 F.2d at 125; *Nw. Univ. v. USDA*, 403 F. Supp. 2d at 86; *Looney v. Walters-Tucker*, 98 F. Supp. 2d at 3.  Although the agency has released portions of certain agency documents, these additional issues remain in dispute, and the Court has jurisdiction to hear these claims.[2]  Therefore, defendant's motion to dismiss is **DENIED**.

---

[2]  Defendant's argument to the contrary is baseless. Defendant argues that plaintiff's "sole claim in this action is that . . . [the agency has] *fail[ed] to respond timely* to his three FOIA requests."  Def.'s Mem. in Support of Motion to Dismiss at 4 (emphasis in original).  Now that the FDIC has

7

B.  **Motion for Summary Judgment**

Plaintiff moves for summary judgment on the grounds that defendant has not met its burden to show it conducted an adequate search and that it has not met its burden to justify non-disclosure of responsive documents. The Court will address these arguments in turn.

1. Adequacy of the Search

As discussed *supra*, in a FOIA action the burden of proof is on the defendant agency to show that it complied with the FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *see also Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989)("unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary and capricious, the FOIA expressly places the burden on the agency to sustain its action"). In response to a challenge to the adequacy of its search for requested records, "the agency may meet its burden by providing 'a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and

---

responded, the agency argues, plaintiff "has obtained all of the relief he sought[.]" *Id.* The government materially misrepresents plaintiff's complaint, which clearly states that the FDIC has "failed to produce any records responsive to McKinley's requests *or demonstrate that responsive records are exempt from production.*" Compl. ¶ 16 (emphasis added); *see also* ¶ 19 ("Defendant has violated FOIA by failing to produce any and all non-exempt records responsive to plaintiff's requests[.]") Plaintiff clearly requests that the Court determine whether the FDIC has adequately searched for agency records as well as whether it has disclosed all non-exempt materials.

8

averring that all files likely to contain responsive materials . . . were searched.'" *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (quoting *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)). Although the affidavit or declaration submitted by the agency "need not set forth with meticulous documentation the details of an epic search for the requested records, [it must] describe what records were searched, by whom, and through what processes." *Hussain v. U.S. Dep't of Homeland Security*, 674 F. Supp. 2d 260, 264–65 (D.D.C. 2009) (citing *Steinberg v. Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994); *Perry v. Block*, 684 F.2d at 127).

The plaintiff argues that the declaration submitted by the FDIC fails to demonstrate that the agency's search was adequate. Pl.'s Reply at 8. Specifically, the plaintiff asserts that the declaration provided does not explain "why the Executive Secretary Section [the only Section to search for records in response to plaintiff's requests] was believed to be the office most likely to have responsive records; the search methods used; descriptions of searches performed; or the names of agency personnel who conducted the searches. Nor does the FDIC provide a declaration from an employee with firsthand knowledge of the searches performed." Pl.'s Reply at 8. The FDIC has not responded to this argument.

The FDIC provided one declaration from Gary Jackson, counsel in the agency's FOIA/Privacy Group in Washington, DC. Jackson states that he is "familiar with the procedures used by the FDIC in processing and responding to FOIA requests." Declaration of Gary Jackson ("Jackson Decl.") ¶ 5. However, as plaintiff correctly points out, Jackson does not explain the search methods employed by the FDIC to respond to plaintiff's requests, who conducted the searches, whether he is personally aware of the search procedures used, or if such procedures were followed by the Executive Secretary Station. Jackson Decl. ¶¶ 1-19. "All of these deficiencies undermine the sufficiency" of the declaration. *Prison Legal News v. Lappin*, 603 F. Supp. 2d 124, 127 (D.D.C. 2009); *see also Morley v. CIA*, 508 F.3d 1108, 1122 (D.C. Cir. 2007) (agency must do more than offer "a single, conclusory affidavit that generally asserts adherence to the reasonableness standard"). The agency has not provided a sufficient declaration from which the Court can conclude it conducted an adequate search for all records within its possession and control. Accordingly, the Court must **GRANT** the plaintiff's motion for summary judgment regarding the adequacy of the search. The FDIC must either (1) conduct a new search (or searches) for the records sought by the plaintiff to ensure the search is adequate consistent with governing caselaw; or (2) provide the Court with declarations from which the Court can find that the declarants have personal

knowledge that the search methodology, procedures, and searches actually conducted were reasonably designed to locate documents responsive to plaintiff's requests. *See Lappin*, 603 F. Supp. 2d at 128; *see also Davidson v. Envtl. Prot. Agency*, 121 F. Supp. 2d 38, 40 (D.D.C. 2000) (requiring agency to either perform additional searches or to file additional declarations better explaining how its original searches were adequate).

### 2. The FDIC's Withholding of Documents Pursuant to Several FOIA and Sunshine Act Exemptions

Congress enacted FOIA and the Sunshine Act to "open up the workings of government to public scrutiny through the disclosure of government records." *Stern v. FBI*, 737 F.2d 84, 88 (D.C. Cir. 1984)(quotation omitted)(discussing FOIA); *see also Shurberg Broad. of Hartford, Inc. v. F.C.C.*, 617 F. Supp. 825, 828 (D.D.C. 1985) (discussing Sunshine Act). Although these Acts are aimed toward "open[ness] . . . of government," *Stern*, 737 F.2d at 88, Congress acknowledged that "legitimate governmental and private interests could be harmed by release of certain types of information." *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871, 872 (D.C. Cir. 1992) (citations and quotations omitted)(discussing FOIA); *see also Common Cause v. Nuclear Regulatory Comm'n*, 674 F.2d 921, 928-29 (D.C. Cir. 1982) (discussing Sunshine Act). As such, pursuant to FOIA's nine exemptions or the Sunshine Act's ten, an agency may withhold requested information. 5 U.S.C. § 552(a)(4)(B); 5 U.S.C.

§ 552(b)(1)-(9); 5 U.S.C. § 552b(b); 5 U.S.C. § 552b(c)(1)-(10). However, because these statutes establish a strong presumption in favor of disclosure, requested material must be disclosed unless it falls squarely within one of the exemptions carved out in the Acts.  *See Burka v. U.S. Dep't of Health and Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996) (FOIA); *Common Cause*, 674 F.2d at 928-29 (Sunshine Act).  The agency bears the burden of justifying any withholding.  *See Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 74 (D.D.C. 2007) (FOIA); *Common Cause*, 674 F.2d at 628-29 (Sunshine Act).  "To enable the Court to determine whether documents properly were withheld, the agency must provide a detailed description of the information through a so-called '*Vaughn* index,' sufficiently detailed affidavits or declarations, or both."  *Hussain*, 674 F. Supp. 2d at 267 (citations omitted). Although there is no set formula for a *Vaughn* index, the agency must "disclos[e] as much information as possible without thwarting the exemption's purpose."  *King v. Dep't of Justice*, 830 F.2d 210, 224 (D.C. Cir. 1987)).

   The sole declaration the FDIC provides, that of Gary Jackson, discussed *supra*, contains no information regarding any of the withheld information.  The FDIC's *Vaughn* index dutifully identifies each portion of a document withheld and the exemption(s) cited, and provides a brief description of the withheld portion and the basis for its withholding.  However,

after careful consideration, the Court concludes that the agency failed to provide sufficient information to enable the Court to conclude that the agency's non-disclosure of documents is justified.  The Agency's assertion of each exemption, and the Court's reason for rejecting it at this stage of the litigation, will be addressed in turn.

*a.  Exemption 4*

FOIA's Exemption 4 and the Sunshine Act's Exemption 4 (collectively, "Exemption 4") are identical: both exempt from disclosure "trade secrets and commercial or financial information obtained from a person that is privileged or confidential."  5 U.S.C. § 552(b)(4); 5 U.S.C. § 552b(c)(4).  In order for the Court to determine whether withheld information is "privileged and confidential" within the meaning of Exemption 4, the Court must first determine "whether the information was provided to the government voluntarily or if it was required to be provided." *Defenders of Wildlife v. U.S. Dep't of the Interior*, 314 F. Supp. 2d 1, 15-16. (D.D.C. 2004).  Depending on the answer to this question, the Court must then apply the appropriate test for privilege/confidentiality.  *See Id.*

The FDIC has made no effort to explain whether the withheld information was voluntarily or involuntarily provided.  Rather, the FDIC's justification for withholding material based on Exemption 4 consists of vague statements such as "Chairman [of

the FDIC] Bair discusses details of the condition of the named banks," accompanied by conclusory assertions that the material "includes confidential commercial and financial information obtained from banks." *Vaughn* Index p. 3. The government's submission does not permit the Court "to make a rational decision [about] whether the withheld material must be produced without actually viewing the documents themselves . . . [and] to produce a record that will render [its] decision capable of meaningful review on appeal." *King v. Dep't of Justice*, 830 F.2d at 219 (citation omitted). The agency therefore has not met its burden to justify withholding.

### b. Exemption 5

Exemption 5 of the FOIA permits an agency to withhold records that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 encompasses the deliberative process privilege, which protects from disclosure documents that would reveal an agency's deliberations prior to arriving at a particular decision. *See Tax Analysts v. Internal Revenue Serv.*, 294 F.3d 71, 76 (D.C. Cir. 2002). Information is not protected by the deliberative process privilege unless it is "predecisional" and "deliberative," and an agency may not use Exemption 5 to "shield documents that simply state or explain a decision the government

14

has already made or protect information that is purely factual."
*In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997).

FDIC has withheld significant portions of three memoranda from agency staff to the Board of Directors based on Exemption 5. While the material withheld certainly may contain information protected by the deliberative process privilege, the Court cannot conclude that it does on the record before it. As a threshold matter, the memoranda cited as "predecisional" are dated *the same day* as the board meetings at which the final decisions were made. *See generally Vaughn* Index. However, a document can only be "predecisional," and therefore protected by the deliberative process privilege, if "it was generated *before* the adoption of an agency policy." *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006)(quotation omitted)(emphasis added). While the fact that the dates are identical does not necessarily mean that Exemption 5 withholding is improper, "the agency must 'illustrate a chronology' in some way in order to justify predecisional withholding." *Hussain*, 674 F. Supp. 2d at 271 (quoting *Judicial Watch v. FDA*, 449 F.3d at 151). Without more information, the Court cannot find that FDIC's explanation of its withholdings under Exemption 5 is adequate.

### c. Exemption 8

The FDIC also asserts Exemption 8 of FOIA and the Sunshine Act, which are identical, to withhold significant portions of the

board meeting minutes and the memoranda from agency staff to the board. Under Exemption 8, "matters . . . related to examination, operating or condition reports prepared by, or on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions" are exempted from disclosure. 5 U.S.C. § 552(b)(8); 5 U.S.C. § 552b(c)(8). While Exemption 8 has been broadly construed by the courts, there are some limits to its interpretation. *See* GUIDE TO THE FREEDOM OF INFORMATION ACT, U.S. Dep't of Justice Office of Information Policy, 663 (2009 Ed.). Based on the extremely limited information provided by the FDIC, the Court cannot determine whether the material withheld contains or is derived from any part of an examination, operating report or condition report. *See, e.g.*, *Vaughn* Index at 5-6 (various portions of November 23, 2008 Memo from FDIC Staff to Board of Directors withheld pursuant to Exemption 8 on the grounds that it contains "discussion of condition of bank and options for improving conditions of bank"; "discussion of bank condition and risk issues"; and "discussion of bank condition, options for taking action, effect of not acting, and how bank condition affects other areas"). Nor does the agency explain what specific information about the financial institutions is contained in these memoranda that would justify its withholding based on Exemption 8. Based on the current record, the Court cannot find that FDIC has fulfilled its

obligations under FOIA or the Sunshine Act with respect to its withholdings under Exemption 8.

> d. *Exemption 9*

Sunshine Act Exemption 9(A)(ii) permits an agency to withhold information if its "premature" disclosure would "significantly endanger the stability of any financial institution." 5 U.S.C. § 552b(c)(9)(A)(ii). Like the exemptions previously discussed, Exemption 9 must be narrowly construed, and the agency bears the burden of proof to show that it is properly invoked. *See Common Cause*, 674 F.2d at 929, n.18.

Once again, the FDIC has failed to meet its burden to show information was properly withheld under the claimed exemption. As plaintiff correctly points out, the agency asserts that "disclosure would endanger the stability of a financial institution," *see generally Vaughn* index, while completely ignoring the requirements that the disclosure must be found to be "premature" as well as likely to "significantly" endanger the banks' stability.[3] Pl's Reply at 18-19. In addition, the *Vaughn* Index fails to discuss with any specificity the nature or type of

---

[3] The Court is particularly troubled by the agency's failure to address the temporal component of the exception given that much of the information withheld was shared *at the meetings in which the FDIC's Board of Directors decided to provide assistance to the banks*, presumably due to the banks' immediate need for help. On this record, the Court fails to understand why disclosure of such information should be considered "premature" and thus subject to Exemption 9.

17

information withheld.  Accordingly, the Court cannot conclude that the material at issue was properly withheld under Exemption 9.

### e. *Segregability*

"If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the nonexempt portions are inextricably intertwined with exempt portions." *Hussain*, 674 F. Supp. 2d at 272 (citations omitted).  Despite the fact that the FDIC has withheld numerous documents in part, it has provided no explanation as to how it met the segregability requirement.  Accordingly, defendant has not met its burden to show that it has disclosed all reasonably segregable information.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that this action is not moot.  Accordingly, defendant's motion to dismiss is **DENIED**.  The Court further concludes that FDIC has not met its burden to show that it conducted an adequate search for records responsive to plaintiff's FOIA requests.  Accordingly, plaintiff's motion for summary judgment is **GRANTED** as it pertains to the adequacy of the FDIC's search.  The Court further concludes that, based on the current record, the defendant has not fulfilled its obligations under FOIA or the Sunshine Act to justify withholding of documents or parts of documents pursuant

to the Acts' exemptions.  However, the record is not sufficiently developed for the Court to grant summary judgment for plaintiff on this issue.  *See, e.g.*, *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d at 1433 (summary judgment on exemptions from disclosure should be granted for a FOIA plaintiff when the requested material, "even on the agency's version of the facts, falls outside the proffered exemption.").  Accordingly, plaintiff's motion for summary judgment regarding the agency's use of exemptions is **DENIED WITHOUT PREJUDICE.**  This matter is remanded to the FDIC so that it may (1) either conduct new searches for the records sought by plaintiff or submit declarations that adequately demonstrate that the agency employed search methods reasonably likely to lead to discovery of records responsive to the plaintiff's requests; and (2) demonstrate that responsive documents have been produced to plaintiff, and that responsive documents and parts of documents not provided to plaintiff have been properly withheld under FOIA or Sunshine Act exemptions claimed by the FDIC.  An appropriate order accompanies this memorandum opinion.

**SIGNED:    Emmet G. Sullivan**
          **United States District Court Judge**
          **December 23, 2010**