UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
VERN MCKINLEY,                  )
                                )
        Plaintiff,              )
                                )
    v.                          )   Civ. Action No. 10-420 (EGS)
                                )
FEDERAL DEPOSIT INSURANCE       )
CORPORATION,                    )
                                )
        Defendant.              )
_____)

## MEMORANDUM OPINION

Pending before the Court in this Freedom of Information Act ("FOIA") case are the parties' cross-motions for summary judgment. The only remaining issue in this case is whether defendant conducted adequate searches for records responsive to plaintiff's FOIA requests. Upon consideration of the motions, the responses and replies thereto, the applicable law, the entire record, and for the reasons set forth below, defendant's motion for summary judgment is **GRANTED**, and plaintiff's cross-motion for summary judgment is **DENIED**.

I.  BACKGROUND

Plaintiff Vern McKinley is a private citizen who works "as an advisor to governments worldwide on financial sector policy and legal issues." Compl. ¶ 3. In December 2009, plaintiff submitted three FOIA requests to the Federal Deposit Insurance Corporation ("FDIC") seeking information regarding its response

to the global financial crisis of 2008. Specifically, plaintiff sought records from the FDIC "regarding its October 2008 decision to create a 'Temporary Liquidity Guarantee Program' to provide financial support to banks, thrift institutions, and certain bank holding companies. . . . [and] regarding its decisions in November 2008 and January 2009 to extend such support to Citigroup, Inc. and Bank of America Corp., respectively." Pl.'s Cross-Mot. for Summary Judgment ("Pl.'s Cross-Mot.") at 1-2.

In each request, plaintiff referenced FDIC press releases describing the FDIC's actions on specific dates. Def.'s Mot. for Summary Judgment ("Def.'s Mot.") Exs. 1, 3, 5. Specifically, plaintiff requested information related to the FDIC's findings, under section 13(c) of the Federal Deposit Insurance Act ("FDI Act"), 12 U.S.C. § 1823(c), that failure to provide emergency assistance to financial institutions would have "serious adverse effects on economic conditions or financial stability." Def.'s Mot. Exs. 1, 3, 5. Plaintiff asked for "any information available on [these] determination[s] such as meeting minutes [and/or] supporting memos." Def.'s Mot. Exs. 1, 3, 5.

The FDIC did not respond to plaintiff's requests within the required time limits, and as a result plaintiff initiated this lawsuit on March 15, 2010. Pl.'s Cross-Mot. at 2. In his

2

complaint, plaintiff alleged that the FDIC violated the FOIA by "failing to produce any and all non-exempt records responsive to Plaintiff's requests," Compl. ¶ 19, and requested, *inter alia*, that defendant "search for and produce any and all non-exempt records responsive to Plaintiff's requests." Compl. at 5. On April 15, 2010, the FDIC provided plaintiff with 101 pages of material responsive to his FOIA requests, but redacted information from every document it produced, pursuant to several FOIA and Government in the Sunshine Act ("Sunshine Act") exemptions. *McKinley v. Fed. Deposit Ins. Co.*, 756 F. Supp. 2d 105, 109 (D.D.C. 2010).

The FDIC then moved to dismiss the complaint as moot, and plaintiff cross-moved for summary judgment regarding the adequacy of the searches and the FDIC's use of the FOIA and Sunshine Act exemptions. *Id.* at 109-10. The Court denied the agency's motion to dismiss, granted in part plaintiff's motion for summary judgment as to the adequacy of the searches and denied without prejudice in part plaintiff's motion for summary judgment as to the agency's use of exemptions. *Id.* at 116. The Court ordered the FDIC to either conduct new searches for the records sought by plaintiff or submit declarations that adequately demonstrate that the agency employed search methods reasonably likely to lead to discovery of records responsive to plaintiff's requests. *Id*. The Court also ordered the FDIC to

demonstrate that responsive documents were produced to plaintiff, and that responsive documents and parts of documents not provided to plaintiff were properly withheld under the FOIA or Sunshine Act exemptions. *Id*.

The FDIC subsequently released all the information it had initially withheld under the FOIA and Sunshine Act exemptions and moved for summary judgment regarding the adequacy of its searches. *See generally* Def.'s Mot. In support of its motion for summary judgment, the FDIC submitted declarations of Fredrick L. Fisch, the Supervisory Counsel in charge of the FDIC's FOIA and Privacy Act Group, and Catherine L. Hammond, the FDIC employee who conducted the document searches. *See generally* Decl. of Fredrick L. Fisch ("Fisch Decl."); Decl. of Catherine L. Hammond ("Hammond Decl."). These declarations describe the general procedures that the FDIC uses to process FOIA requests, as well as the specific steps taken in response to plaintiff's requests. The declarations show that the FDIC searched the Executive Secretary Section of the FDIC Legal Division ("ESS") for records responsive to plaintiff's requests. Fisch Decl. ¶¶ 12-15, 18-22, 25-29. As a result of those searches, the FDIC produced to the plaintiff the meeting minutes and the "Case Memoranda" (or "Board Cases") prepared for the Board meetings at which the FDIC made each of the three

determinations referenced in plaintiff's requests.  Hammond Decl. ¶¶ 19-20, 24-26, 30-32.

Plaintiff has opposed defendant's motion for summary judgment and has cross-moved for summary judgment.  In his cross-motion, plaintiff argues that the FDIC's searches were inadequate and that the agency produced only a subset of the records he requested.  Pl.'s Cross-Mot. at 4.  He argues that defendant should have searched for email correspondence, meeting notes, and memoranda from several other departments within the FDIC.  Pl.'s Cross-Mot. at 4, 7-8.  Plaintiff also argues that the FDIC should have searched other records systems in addition to the ESS.  Pl.'s Cross-Mot. at 4.  The parties' motions are now ripe for review by the Court.

**II. STANDARD OF REVIEW**

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits or declarations, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  In a FOIA case, the burden of proof is always on the agency to demonstrate that it has fully discharged its obligations under the FOIA.  *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989).

In response to a challenge to the adequacy of its search for requested records, "the agency may meet its burden by providing 'a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched.'" *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (quoting *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)). In addition, "[a]ny factual assertions contained in affidavits and other attachments in support of motions for summary judgment are accepted as true unless the nonmoving party submits affidavits or other documentary evidence contradicting those assertions." *Wilson v. U.S. Dep't of Transp.*, 730 F. Supp. 2d 140, 148 (D.D.C. 2010) (citing *Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992)).

**III. ANALYSIS**

The only issue remaining for summary judgment in this case is whether defendant conducted adequate searches for records responsive to plaintiff's requests. Specifically, the Court must determine (1) whether it was reasonable for the FDIC to limit the scope of its searches to the meeting minutes and Case Memoranda prepared for the Board meetings at which the FDIC made each of the three determinations referenced in the plaintiff's requests; and (2) whether it was reasonable for the FDIC to

6

limit its searches to records located in the ESS. For the reasons discussed below, the Court concludes that defendant's searches were reasonable with respect to both issues. The Court will address each issue in turn.

> **A. Defendant Reasonably Limited the Scope of its Searches to the Meeting Minutes and Case Memoranda Prepared for the Board Meetings at which the FDIC Made the Determinations Referenced in Plaintiff's Requests**

The adequacy of an agency's search for responsive records "is measured by the reasonableness of the effort in light of the specific request." *Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009) (quoting *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986)). The search for records need not be exhaustive, *see Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990), but the scope and methodology of the search must be "reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

In determining the proper scope of a FOIA request, "[t]he linchpin inquiry is whether the agency is able to determine 'precisely what records (are) being requested.'" *Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982) (quoting S. Rep. No. 93-854, at 10 (1974)) (alteration in original). Requests must "reasonably describe the records in a way that enables the FDIC's staff to identify and produce the records

7

with reasonable effort and without unduly burdening or significantly interfering with any of the FDIC's operations." 12 C.F.R. § 309.5(b)(3) (2010).

Defendant argues that it was reasonable to limit its searches to the meeting minutes and Case Memoranda prepared for the Board meetings at which the FDIC made the determinations referenced in plaintiff's requests because the requests sought "information about statutory determinations made by the FDIC's Board of Directors" and related to "a Board of Directors meeting on a specific date concerning a specific topic." Def.'s Mot. at 2. To support its interpretation of the scope of plaintiff's requests, the FDIC cites the language found in each of the three requests, which reads:

> I am requesting further detail on
> information on the [transaction/program]
> described in the following FDIC press
> release:
>
> [internet URL of FDIC press release]
>
> The source of this power is Section 13(c) of
> the FDI Act (12 U.S.C. 1823(c)). There is a
> requirement that under this section under
> the emergency determination there must be a
> finding of "serious adverse effects on
> economic conditions or financial stability"
> if the action is not taken. I would like any
> information available on this determination
> such as meeting minutes [and/or] supporting
> memos.

Def.'s Mot. Ex. 1 (requesting information on the FDIC Board of Director's November 23, 2008 decision to provide financial

8

support to Citigroup, Inc.); Def.'s Mot. Ex. 3 (requesting information on the FDIC Board of Director's January 16, 2009 decision to provide financial support to Bank of America Corp.); Def.'s Mot. Ex. 5 (requesting information on the FDIC Board of Director's October 13, 2008 decision to create the Temporary Liquidity Guarantee Program).

Defendant points out that plaintiff specifically requested information related to the Board's finding, under Section 13(c) of the FDI Act, 12 U.S.C. § 1823(c), that failure to provide emergency assistance to financial institutions would have "serious adverse effects on economic conditions or financial stability." Def.'s Mot. Exs. 1, 3, 5. The statutory provision referenced in the requests (the "systemic risk exception") authorizes the FDIC to provide emergency assistance to financial institutions only upon a recommendation from the Board. 12 U.S.C. § 1823(c)(4)(G)(i) (2006). Defendant explains that this determination can be made only by the Board and "cannot be taken by the Chairman of the FDIC, or by a senior executive or other staff of the FDIC, or by any office or division of the FDIC." Def.'s Mot. at 4.

Defendant also argues that it was reasonable to conclude that "the types of information [plaintiff] was seeking were 'meeting minutes and supporting memos.'" Def.'s Mot. at 4. Specifically, FDIC concluded that "[b]ecause the request

9

referred to a specific action taken by the FDIC Board of Directors, the phrase 'meeting minutes' meant the minutes of the FDIC Board of Directors meeting at which the 'determination' was made. . . . [and] the phrase 'supporting memos' meant memoranda describing, explaining, providing the background and reasoning for, and/or recommending the action that would become the Board 'determination.'" Fisch Decl. ¶¶ 12, 18, 25. Accordingly, the FDIC argues that it was reasonable to limit its searches to the meeting minutes and Case Memoranda prepared for each of the three Board meetings referenced in the plaintiff's requests. Def.'s Mot. at 4.

In response, plaintiff argues that his requests sought "any and all information available regarding the October 2008 decision to create the Temporary Liquidity Guarantee Program, the November 2008 decision to extend assistance to Citigroup, and the January 2009 decision to extend assistance to Bank of America." Pl.'s Cross-Mot. at 4. A reasonable interpretation of his requests would include, plaintiff argues, "records created and/or used by officials and staff members of the various departments within the FDIC who participated in the three determinations," Pl.'s Reply in Support of Cross-Mot. for Summary Judgment ("Pl.'s Reply") at 6, and "any email correspondence, meeting notes, or other memoranda" relating to the Board's determinations. Pl.'s Cross-Mot. at 4. Plaintiff

10

contends that he did not limit his requests to a specific subset of records and that it was unreasonable for the agency to conclude that he did.  Pl.'s Cross-Mot. at 4.

Upon consideration of the language of plaintiff's requests, the Court finds that it was reasonable for the FDIC to limit its searches to the meeting minutes and Case Memoranda prepared for the Board meetings at which the FDIC made the determinations referenced in plaintiff's requests.  The requests asked for information about specific determinations and referenced press releases from specific dates.  Furthermore, the requests pointed to the precise section of the statute giving FDIC the authority to provide emergency assistance to financial institutions only upon the recommendation of its Board of Directors, and asked for information related to specific determinations made by the FDIC Board under that provision of the statute.  Because the FDIC Board was the only entity that could make those determinations, it was reasonable for the FDIC to limit the scope of its searches to records related to specific Board actions and to conclude that "meeting minutes" and "supporting memos" referred to the meeting minutes and Case Memoranda prepared for the Board meetings at which the FDIC made each of the three determinations referenced in the plaintiff's requests.

Nonetheless, plaintiff argues that the FDIC unreasonably limited the scope of his requests because (1) the requests

11

included language asking for "any information available" on the determinations, Pl.'s Cross-Mot. at 4; and (2) the FDIC had a duty to construe the requests liberally.  Pl.'s Cross-Mot. at 5.  For the following reasons, the Court finds both arguments unpersuasive.

First, plaintiff argues that the FDIC should have interpreted his requests as seeking records created or used by officials and staff members across the various departments within the FDIC because his requests contained language asking for "any information available" on the determinations.  Pl.'s Cross-Mot. at 4, 7-8.  The Court finds, however, that language asking for "any information available" fails to provide a reasonable description of the type or location of additional records sought and does not describe the records "in a way that enables the FDIC's staff to identify and produce the records with reasonable effort and without unduly burdening or significantly interfering with any of the FDIC's operations." 12 C.F.R. § 309.5(b)(3) (2010).  Instead, the language is analogous to requests for records that relate "in any way" to a person or event, which courts have repeatedly found to be overly broad and unreasonable.  *See Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (plaintiff's request for "all [material] pertaining to atrocities committed against plaintiffs" and contained in the files of various government offices lacked the

specificity needed for the request to be reasonably described); *Latham v. U.S. Dep't of Justice*, 658 F. Supp. 2d 155, 161 (D.D.C. 2009) (plaintiff's request for records pertaining "in any form or sort" to plaintiff was overly broad and burdensome); *Dale v. Internal Revenue Serv.*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) (plaintiff's request for "any and all documents . . . that refer or relate in any way to [plaintiff]" was not sufficiently detailed because it did not specify particular records, actions, years, or offices involved); *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 27-28 (D.D.C. 2000) (plaintiff's request for records pertaining to any person or company doing business with China was unreasonably broad and imposed an unreasonable burden on defendant). Because plaintiff failed to specify how additional documents might be related to the Board's determinations or where those records might be found, it was reasonable for the FDIC to disregard the "any information available" language when interpreting plaintiff's requests.[1]

---

[1] This case is distinguishable from *LaCedra v. Exec. Office for U.S. Attorneys*, 317 F.3d 345 (D.C. Cir. 2003), which plaintiff cites to support his argument that the FDIC improperly restricted the scope of his requests. *See* Pl.'s Reply at 2-4. In *LaCedra*, the requestor asked for "all documents pertaining to" a specific criminal case and then specifically requested a subset of those documents. *LaCedra*, 317 F.3d at 346. The issue was not whether the initial request for "all documents pertaining to" the specific criminal case was reasonable, but rather whether a request "might reasonably seek all of a certain set of documents while nonetheless evincing a heightened interest in a specific subset thereof." *Id*. at 348.

Second, plaintiff argues that the FDIC had a duty to construe his requests liberally and cites *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885 (D.C. Cir. 1995), in support of his argument. Pl.'s Cross-Mot. at 5. In *Nation Magazine*, the court concluded that when a request "reasonably describe[s] the records sought . . . an agency also has a duty to construe a FOIA request liberally." *Nation Magazine*, 71 F.3d at 890 (internal quotations omitted). But this duty only arises in cases where the request provides a reasonable description of the records sought. *See* 12 C.F.R. § 309.5(c) (2010) ("The FDIC need not accept or process a request that does not reasonably describe the records requested . . . ."). In the instant case, plaintiff's requests describe specific actions undertaken on specific dates within a statutory scheme that permits only the Board to make recommendations on the FDIC's behalf. Plaintiff's argument that an agency's interpretation of his requests must be broader than the description reasonably contained in the requests finds no support in *Nation Magazine*.

Accordingly, in light of the language in plaintiff's requests, the Court finds that it was reasonable for the FDIC to limit its searches to the meeting minutes and Case Memoranda prepared for the Board meetings at which the FDIC made the determinations referenced in plaintiff's requests.

**B. Defendant Reasonably Limited its Searches to Records in the Executive Secretary Section of the FDIC Legal Division**

The final issue before the Court is whether it was reasonable for the FDIC to limit its searches to records in the Executive Secretary Section of the FDIC Legal Division ("ESS"). Defendant argues that "[a] search in other records systems would be called for only if Mr. Fisch's interpretation of the wording of Plaintiff's requests was unreasonable, or if Mr. Fisch was incorrect about where the records were located." Def.'s Reply in Support of its Mot. for Summary Judgment at 6. The Court agrees.

Defendant submitted detailed declarations averring that the only reasonable place to search for the minutes and supporting memos requested by plaintiff was the ESS. Fisch Decl. at ¶¶ 12, 18, 25. As the declarations state, the FDIC concluded that "[b]ecause the Minutes of meetings of the FDIC Board of Directors are exclusively prepared and maintained by [the ESS], the only reasonable place to search for the Minutes requested by Plaintiff was the ESS." Fisch Decl. at ¶¶ 12(f), 18(d), 25(d). The FDIC also concluded that "[b]ecause the memoranda prepared for and used by the FDIC Board of Directors that describe, explain, provide the background and reasoning for, and/or recommend action . . . are kept and maintained by the ESS as part of the official records of Board meetings in which such

15

memoranda are used, the only reasonable place to search for [the 'Board Case' and] 'supporting memos' requested by Plaintiff was the ESS." Fisch Decl. at ¶¶ 12(g), 18(e), 25(e).

Plaintiff argues that the documents in the responsive record demonstrate the inadequacy of the FDIC's searches. Pl.'s Cross-Mot. at 7-8. Plaintiff cites a study referenced in one of the case memoranda, a list of names of meeting participants and contributors to each case memorandum, and a list of the various departments within the FDIC that were represented at the meetings. Pl.'s Reply at 5-6. Significantly, plaintiff does not argue that the study or any other non-produced document was responsive to his requests. Pl.'s Reply at 6 n. 1. Nor does plaintiff contest that the meeting minutes and Case Memoranda of the FDIC Board meetings are exclusively maintained by the ESS. Rather, plaintiff argues that the fact that the meeting minutes and Case Memoranda contain these references necessarily implies that additional documents and correspondence influenced the Board's determinations. Pl.'s Reply at 6. He argues that this evidence demonstrates the inadequacy of the FDIC's searches because "it is inconceivable that officials and staff members who participated in meetings and prepared or received the case memoranda had no prior knowledge of the topics discussed and possessed no records on the issues and the decisions to be made." Pl.'s Reply at 6.

Plaintiff's argument fails because it turns on the finding that the FDIC's interpretation of the scope of the requests was unreasonable. Pl.'s Reply at 4 ("[T]he FDIC improperly narrowed Plaintiff's requests. Because of this fact alone, the FDIC has not conducted adequate searches."). Essentially, plaintiff repeats his argument that an adequate search for records would include all records related in any way to the Board's determinations. As discussed above, the FDIC's interpretation of the scope of plaintiff's requests was reasonable, and the FDIC reasonably limited its searches to the meeting minutes and Case Memoranda prepared for the Board meetings at which the FDIC made the determinations referenced in plaintiff's requests. Accordingly, and based upon the declarations submitted by the FDIC, the Court finds that it was reasonable for the FDIC to limit its searches for responsive records to the ESS.

## CONCLUSION

For the foregoing reasons, the Court concludes that the FDIC has met its burden to show that it conducted adequate searches for records responsive to plaintiff's FOIA requests. Accordingly, defendant's motion for summary judgment is **GRANTED**, and plaintiff's cross-motion for summary judgment is **DENIED**. An appropriate order accompanies this memorandum opinion.

**SIGNED:** **Emmet G. Sullivan**
**United States District Court Judge**
**August 8, 2011**